UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------------X

MICHAEL GILES,

                              Plaintiff,

    -against-

CITY OF MOUNT VERNON, CAMILO ANTONINI,
Individually, COUNTY OF WESTCHESTER,
JEFFREY SLOTOROFF, Individually, JOSEPH KRAUS,
Individually, JAMES GREER, Individually,
MICHAEL HUFFMAN, Individually, DAVID SANCHEZ,
Individually, STEFAN GOGGIN, Individually, and JOHN
and JANE DOE 1 through 10, Individually, (the names John
and Jane Doe being fictitious, as the true names are presently
unknown),

                                    Defendants.

------------------------------------------------------------------------------X

**COMPLAINT**

Index No.:

Jury Trial Demanded

       Plaintiff MICHAEL GILES, by his attorneys, Brett H. Klein, Esq., PLLC, complaining of the defendants, respectfully alleges as follows:

### Preliminary Statement

       1.     Plaintiff brings this action for compensatory damages, punitive damages and attorneys' fees pursuant to 42 U.S.C. §§ 1983 and 1988 for violations of his civil rights, as said rights are secured by said statutes and the Constitution of the United States. Plaintiff also asserts supplemental state law claims.

### JURISDICTION

       2.     This action is brought pursuant to 42 U.S.C. §§ 1983 and 1988, and the Fourth and Fourteenth Amendments to the United States Constitution.

       3.     Jurisdiction is found upon 28 U.S.C. §§1331, 1343 and 1367.

## VENUE

4. Venue is properly laid in the Southern District of New York under 28 U.S.C. § 1391(b), in that this is the District in which the claim arose.

## JURY DEMAND

5. Plaintiff respectfully demands a trial by jury of all issues in this matter pursuant to Fed. R. Civ. P. 38 (b).

## PARTIES

6. Plaintiff MICHAEL GILES is a forty-one-year-old African American man who at all relevant times herein was a resident of the Town of Valhalla in Westchester County, New York.

7. Defendant CITY OF MOUNT VERNON was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.

8. Defendant CITY OF MOUNT VERNON maintains the City of Mount Vernon Police Department (hereinafter referred to as "MVPD"), a duly authorized public authority and/or police department, authorized to perform all functions of a police department as per the applicable sections of the aforementioned municipal corporation, CITY OF MOUNT VERNON.

9. That at all times hereinafter mentioned, the individually named defendant, CAMILO ANTONINI was a duly sworn police officer of said department and was acting under the supervision of said department and according to his official duties.

10. Defendant COUNTY OF WESTCHESTER was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.

11. Defendant COUNTY OF WESTCHESTER maintains the Westchester County Police Department (hereinafter referred to as "WCPD"), a duly authorized public authority

and/or police department, authorized to perform all functions of a police department as per the applicable sections of the aforementioned municipal corporation, COUNTY OF WESTCHESTER.

12. That at all times hereinafter mentioned, the individually named defendants, JEFFREY SLOTOROFF, JOSEPH KRAUS, JAMES GREER, MICHAEL HUFFMAN, DAVID SANCHEZ, and STEFAN GOGGIN, were duly sworn police officers of said department and were acting under the supervision of said department and according to their official duties.

13. That at all times hereinafter mentioned, the individually named defendants, JOHN and/or JANE DOE 1 through 10, were, upon information and belief, duly sworn police officers of the MVPD, WCPD, Mount Pleasant Police Department, New York State Division of Parole, and/or County of Westchester Probation, and were acting under the supervision of said departments and according to their official duties.

14. That at all times hereinafter mentioned the defendants, either personally or through their employees, were acting under color of state law and/or in compliance with the official rules, regulations, laws, statutes, customs, usages and/or practices of the State of New York and/or the CITY OF MOUNT VERNON or the COUNTY OF WESTCHESTER.

15. Each and all of the acts of the defendants alleged herein were done by said defendants while acting within the scope of their employment by defendants CITY OF MOUNT VERNON and/or COUNTY OF WESTCHESTER.

## FACTS

16. On July 19, 2018, at approximately 10:30 p.m., inside a Volunteers of America (hereinafter "VOA") homeless shelter, located at 25 Operations Drive in the Town of Valhalla in Westchester County, New York, defendant officers, from without limitation, MVPD and WCPD,

3

acting under color of law, falsely arrested, unlawfully imprisoned and thereafter fabricated evidence against and maliciously prosecuted MICHAEL GILES. The aforementioned corruption and abuse of authority resulted in months of needless incarceration, and other damages flowing from the defendants' misconduct.

17. On the aforesaid date and at that time, plaintiff who was one of many residents at the VAO shelter, was taking a shower in the large communal shower area of said shelter when defendant officers, including but not limited to, defendants ANTONINI, SLOTOROFF, KRAUS, GREER, HUFFMAN, SANCHEZ, and GOOGIN, who were members of a multi-department narcotics detail, made up of officers from, *inter alia,* the MVPD, WCPD, Mount Pleasant Police Department, New York State Division of Parole, and Westchester County of Probation, entered said shelter and proceeded to search the premises as part of an unannounced operation.

18. During the search, defendant ANTONINI entered the bathroom, opened the curtain to the shower stall where plaintiff was showering, and asked plaintiff for his room number and whether the clothing hanging in the shower room belonged to him, to which plaintiff said yes.

19. Defendant ANTONINI searched plaintiff's clothes.

20. No drugs or contraband were found in, on, or near plaintiff, nor did plaintiff have any drugs or other contraband in his possession, custody or control.

21. Defendant ANTONINI thereafter directed plaintiff to go back to his room, where plaintiff and his belongings were further searched by defendant members of the multi-department narcotics detail.

22. The defendant officers found no drugs or other contraband pursuant to the search of plaintiff's room.

23. Sometime after plaintiff's room was searched, a defendant, believed to be defendant ANTONINI, in the presence of other defendant officers, ordered plaintiff to exit his room and to put his hands behind his back, and handcuffed plaintiff.

24. Despite that the defendant officers lacked any reasonable basis or probable cause to believe that plaintiff possessed any controlled substances or had committed any crime or offense, the defendant officers falsely arrested plaintiff and transported him to the Westchester County Police Precinct where he was processed based on false fabricated allegations by the defendant officers that plaintiff purportedly possessed seventeen bags of crack cocaine.

25. Thereafter, defendant officers, including WCPD defendants ANTONINI, SLOTOROFF and KRAUS, forwarded fabricated evidence to the Westchester County District Attorney's Office and because plaintiff was under New York State parole supervision at the time of his arrest, to the New York State Department of Corrections and Community Supervision ("DOCCS").

26. Said false and fabricated evidence was used against plaintiff in the initiation and continuation of a malicious prosecutions in the Town of Mount Pleasant Town Court, and in parole revocation proceedings conducted by the DOCCS.

27. As a result of the defendants' actions, on July 20, 2018, plaintiff was arraigned in the Town of Mount Pleasant Town Court under case number WC-01686-18, based on the fabricated felony charge that on July 19, 2018 he purportedly possessed more than five hundred milligrams of crack cocaine.

28. As a result of said fabricated testimony, bail was set on plaintiff's case and plaintiff was imprisoned at the Westchester County Jail.

29. Thereafter, on August 2, 2018, DOCCS held a preliminary parole revocation hearing during which defendant ANTONINI provided false and fabricated testimony, resulting in plaintiff being remanded without bail to the Westchester County Jail for the duration of the criminal case.

30. The criminal case and parole revocation proceeding continued against plaintiff for several months. In September 9, 2018, defendant officers including, but not limited to, WCPD defendant KRAUS, took affirmative steps to assure the continued malicious prosecutions against plaintiff by causing a superseding misdemeanor complaint to be filed against plaintiff in the Town of Mount Pleasant Town Court under case number 18070132.

31. The misdemeanor complaint also contained fabricated false allegations that alleged that plaintiff had possessed seventeen bags of crack cocaine on July 19, 2018.

32. Plaintiff was compelled to appear in court to answer to the aforementioned fabricated and malicious charges on numerous occasions.

33. On one of these occasions in October 2018, plaintiff was being transported to court in the custody of, upon information and belief, Westchester County officers, when the van plaintiff was an occupant in abruptly and otherwise negligently stopped short.

34. Plaintiff, who was improperly secured in said van by County personnel while handcuffed, was thrown to the front of the van, causing injuries to plaintiff's back and left shoulder, necessitating emergency medical care at Westchester Medical Center, and otherwise causing needless pain and suffering.

35. On April 4, 2019, all the false charges maliciously brought against plaintiff were finally dismissed and sealed in the Town of Mount Pleasant Town Court.

36. Despite the dismissal and sealing of all false criminal charges on April 4, 2019, plaintiff continued to be maliciously prosecuted and imprisoned against his will in Westchester County Jail until DOCCS lifted the hold from the parole violation, which was premised solely on the aforementioned false arrest, fabricated evidence, and malicious prosecution, and the violation and revocation were finally dismissed approximately one month later, on or about, May 6, 2019.

37. Defendants ANTONINI, SLOTOROFF, KRAUS, JAMES GREER, MICHAEL HUFFMAN, DAVID SANCHEZ, STEFAN GOGGIN and JOHN and JANE DOE 1 through 10 either directly participated in the above illegal acts, failed to intervene in them despite a meaningful opportunity to do so, or supervised and approved of, oversaw, and otherwise participated in the aforementioned misconduct.

38. All of the above occurred as a direct result of the unconstitutional policies, customs or practices of the CITY OF MOUNT VERNON and COUNTY OF WESTCHESTER including, without limitation, the inadequate screening, hiring, retaining, training and supervising its employees; and pursuant to customs or practices of falsely arresting individuals, the falsification of evidence, and the lax investigation and of covering up of abuse by CITY OF MOUNT VERNON and COUNTY OF WESTCHESTER.

39. The aforesaid event is not an isolated incident. Defendant CITY OF MOUNT VERNON and COUNTY OF WESTCHESTER were aware from numerous complaints, lawsuits, notices of claims, and via information and complaints, including recorded conversations of MVPD officers, forwarded to MVPD, WCPD, and the Westchester County District Attorney's by MVPD officers, including MVPD officer Murashae Bovell, that MVPD

and WCPD officers, including the defendants, were insufficiently trained and were engaging in an ongoing custom or practice of falsely arresting individuals on fabricated narcotics allegations and thereafter conspiring with WCPD officers to file and continue malicious prosecutions.[1]

40. Defendant CITY OF MOUNT VERNON and COUNTY OF WESTCHESTER were further aware that such improper training and practices have often resulted in a deprivation of civil rights. Despite such notice, defendant CITY OF MOUNT VERNON and COUNTY OF WESTCHESTER have failed to take corrective action. This failure caused the officers in the present case to violate the plaintiff's civil rights.

41. Moreover, defendant CITY OF MOUNT VERNON and COUNTY OF WESTCHESTER were aware, prior to the incident, that the individual defendants lacked the objectivity, temperament, maturity, discretion, and disposition to be employed as police officers. Despite such notice, defendants CITY OF MOUNT VERNON and COUNTY OF WESTCHESTER have retained these officers, and failed to adequately train and supervise them.

42. In particular, defendant CITY OF MOUNT VERNON and COUNTY OF WESTCHESTER were also aware from numerous complaints, lawsuits, and from public sources, including recorded conversations of MVPD officers that were forwarded to MVPD, and/or the WCPD, and/or the Westchester County District Attorney's by MVPD officers, including MVPD officer Murashae Bovell, that defendant ANTONINI was, *inter alia,* known to have fabricated evidence, planted narcotics, acted in racist and discriminatory manner, and generally engaged in misconduct in other cases and arrests, and was under investigation for said misconduct; yet MVPD continued to employ ANTONINI and failed to take any corrective action

---

[1] *See e.g.* https://gothamist.com/news/mount-vernon-police-tapes-innocent-people-were-framed.

despite such notice.[2] As a direct result of the aforementioned failures, plaintiff's rights were violated.

43. All of the aforementioned acts of defendants, their agents, servants and employees were carried out under the color of state law.

44. All of the aforementioned acts deprived plaintiff MICHAEL GILES of the rights, privileges and immunities guaranteed to citizens of the United States by the Fourth and Fourteenth Amendments to the Constitution of the United States of America, and in violation of 42 U.S.C. §1983.

45. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, with the entire actual and/or apparent authority attendant thereto.

46. Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

47. As a result of the foregoing, plaintiff MICHAEL GILES sustained, *inter alia*, physical injuries, emotional distress, embarrassment, and humiliation, and deprivation of his constitutional rights.

**Federal Claims**

**AS AND FOR A FIRST CAUSE OF ACTION**
(False Arrest/Unlawful Imprisonment under 42 U.S.C. § 1983)

48. Plaintiff repeats, reiterates, and realleges each and every allegation contained in

---

[2] *See e.g.*, https://gothamist.com/news/corruption-and-brutality-allegations-against-mount-vernon-detective-are-echoed-civilian-complaints; https://gothamist.com/news/mount-vernon-mayor-promises-review-controversial-detective

paragraphs numbered "1" through "47" with the same force and effect as if fully set forth herein.

49. Defendant officers arrested plaintiff MICHAEL GILES without probable cause, causing him to be detained against his will for an extended period of time and subjected to physical restraints.

50. Defendant officers caused plaintiff MICHAEL GILES to be falsely arrested and unlawfully imprisoned.

51. As a result of the foregoing, plaintiff MICHAEL GILES is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

**AS AND FOR A SECOND CAUSE OF ACTION**
(Malicious Prosecution under 42 U.S.C. § 1983)

52. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "51" with the same force and effect as if fully set forth herein.

53. Defendants initiated, commenced and continued a malicious prosecution against plaintiff MICHAEL GILES.

54. Defendants caused plaintiff MICHAEL GILES to be prosecuted without any probable cause until the criminal charges were dismissed on or about April 4, 2019 and the parole revocation was lifted and plaintiff was released from custody on or about, May 6, 2019.

55. As a result of the foregoing, plaintiff MICHAEL GILES is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR A THIRD CAUSE OF ACTION
(Violation of Right to Fair Trial under 42 U.S.C. § 1983)

56. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "55" with the same force and effect as if fully set forth herein.

57. Defendant officers created false evidence against plaintiff MICHAEL GILES.

58. Defendant officers forwarded this false evidence to the Westchester County District Attorney's Office and to DOCCS to be used against plaintiff MICHAEL GILES in legal proceedings in the Town of Mount Pleasant Town Court and before in a DOCCS parole revocation proceeding.

59. As a result of defendants' creation and use of false evidence, plaintiff MICHAEL GILES was deprived of his liberty and suffered a violation of his constitutional rights to a fair trial, as guaranteed by the United States Constitution.

60. As a result of the foregoing, plaintiff MICHAEL GILES is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR A FOURTH CAUSE OF ACTION
(Failure to Intervene under 42 U.S.C. § 1983)

61. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "60" with the same force and effect as if fully set forth herein.

62. Defendants had an affirmative duty to intervene on behalf of plaintiff MICHAEL GILES, whose constitutional rights were being violated in their presence by other officers.

63. The defendants failed to intervene to prevent the unlawful conduct described herein.

64. As a result of the foregoing, plaintiff MICHAEL GILES was arrested, he was denied his right to a fair trial, and maliciously prosecuted.

65. As a result of the foregoing, plaintiff MICHAEL GILES is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

**AS AND FOR A FIFTH CAUSE OF ACTION**
(Supervisory Liability under 42 U.S.C. § 1983)

66. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "65" with the same force and effect as if fully set forth herein.

67. The supervisory defendants personally caused plaintiff's constitutional injury by being deliberately or consciously indifferent to the rights of others in failing to properly supervise and train their subordinate employees.

68. As a result of the foregoing, plaintiff MICHAEL GILES is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

**AS AND FOR A SIXTH CAUSE OF ACTION**
(Municipal Liability under 42 U.S.C. § 1983)

69. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "68" with the same force and effect as if fully set forth herein.

70. Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

71. The aforementioned customs, policies, usages, practices, procedures and rules of the CITY OF MOUNT VERNON and COUNTY OF WESTCHESTER and the MVPD and WCPD included, but were not limited to, arresting individuals on false narcotics charges, fabricating evidence against them and conspiring to maliciously prosecute them, as well as the lax investigation into and covering up of said misconduct.  In addition, the CITY OF MOUNT VERNON and COUNTY OF WESTCHESTER engaged in a policy, custom or practice of inadequate screening, hiring, retaining, training and supervising its employees that was the moving force behind the violation of plaintiff MICHAEL GILES' rights as described herein.  As a result of the failure of the CITY OF MOUNT VERNON and COUNTY OF WESTCHESTER to properly recruit, screen, train, discipline, and supervise its officers, including the individual defendants, defendant CITY OF MOUNT VERNON and COUNTY OF WESTCHESTER has tacitly authorized, ratified, and has been deliberately indifferent to, the acts and conduct complained of herein.

72. The foregoing customs, policies, usages, practices, procedures and rules of the CITY OF MOUNT VERNON and COUNTY OF WESTCHESTER and the MVPD and WCPD constituted deliberate indifference to the safety, well-being and constitutional rights of plaintiff MICHAEL GILES.

73. The foregoing customs, policies, usages, practices, procedures and rules of the CITY OF MOUNT VERNON and COUNTY OF WESTCHESTER and the MVPD and WCPD were the direct and proximate cause of the constitutional violations suffered by plaintiff MICHAEL GILES as alleged herein.

74. The foregoing customs, policies, usages, practices, procedures and rules of the CITY OF MOUNT VERNON and COUNTY OF WESTCHESTER and the MVPD and WCPD

were the moving force behind the Constitutional violations suffered by plaintiff MICHAEL GILES as alleged herein.

75. As a result of the foregoing customs, policies, usages, practices, procedures and rules of CITY OF MOUNT VERNON and COUNTY OF WESTCHESTER and the MVPD and WCPD, plaintiff MICHAEL GILES was unlawfully seized, detained, incarcerated, searched, prosecuted, and subjected to physical abuse.

76. Defendants, collectively and individually, while acting under color of state law, were directly and actively involved in violating plaintiff MICHAEL GILES'S constitutional rights.

77. All of the foregoing acts by defendants deprived plaintiff MICHAEL GILES of federally protected rights, including, but not limited to, the right:

  A. To be free from false arrest/unlawful imprisonment;

  B. To receive a fair trial; and

  C. To be free from malicious prosecution.

78. As a result of the foregoing, plaintiff MICHAEL GILES is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury.

## Supplemental State Law Claims

79. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "78" with the same force and effect as if fully set forth herein.

80. Within ninety (90) days after the claim herein accrued, plaintiff duly served upon, presented to and filed with the CITY OF MOUNT VERNON and COUNTY OF WESTCHESTER, a Notice of Claim setting forth all facts and information required under the

General Municipal Law 50-e.

81. The CITY OF MOUNT VERNON and COUNTY OF WESTCHESTER have wholly neglected or refused to make an adjustment or payment thereof and more than thirty (30) days have elapsed since the presentation of such claim as aforesaid.

82. This action was commenced within one (1) year and ninety (90) days after the causes of action herein accrued.

83. Plaintiff has complied with all conditions precedent to maintaining the instant action.

84. This action falls within one or more of the exceptions as outlined in C.P.L.R. 1602.

## AS AND FOR A SEVENTH CAUSE OF ACTION.
(Malicious Prosecution under the laws of the State of New York)

85. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "84" with the same force and effect as if fully set forth herein.

86. The defendant officers initiated, commenced and continued a malicious prosecution against plaintiff MICHAEL GILES.

87. Defendants CITY OF MOUNT VERNON and COUNTY OF WESTCHESTER, as employers of the individually named defendant officers, are responsible for their wrongdoing under the doctrine of *respondeat superior*.

88. Defendants caused plaintiff MICHAEL GILES to be prosecuted without probable cause until the charges were dismissed in criminal court on or about April 4, 2019 and by DSCS on or about, May 6, 2019.

89. As a result of the foregoing, plaintiff MICHAEL GILES is entitled to

compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

### AS AND FOR AN EIGHTH CAUSE OF ACTION
(Negligent Screening, Hiring, and Retention under the laws of the State of New York)

90. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraph numbered "1" through "89" with the same force and effect as if fully set forth herein.

91. Upon information and belief, defendants CITY OF MOUNT VERNON and COUNTY OF WESTCHESTER failed to use reasonable care in the screening, hiring and retention of the aforesaid defendants who falsely arrested, manufactured evidence against, and maliciously prosecuted plaintiff MICHAEL GILES.

92. Defendants CITY OF MOUNT VERNON and COUNTY OF WESTCHESTER knew, or should have known in the exercise of reasonable care, the propensities of the individual defendants to engage in the wrongful conduct heretofore alleged in this Complaint.

93. As a result of the foregoing, plaintiff MICHAEL GILES is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

### AS AND FOR A NINTH CAUSE OF ACTION
(Negligent Training and Supervision under the laws of the State of New York)

94. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "93" with the same force and effect as if fully set forth herein.

95. Upon information and belief, the defendants CITY OF MOUNT VERNON and COUNTY OF WESTCHESTER failed to use reasonable care in the training and supervision of

the aforesaid defendants who falsely arrested, manufactured evidence against, and maliciously prosecuted the plaintiff.

96. As a result of the foregoing, plaintiff MICHAEL GILES is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

**WHEREFORE**, plaintiff MICHAEL GILES demands judgment and prays for the following relief, jointly and severally, against the defendants:

(A) full and fair compensatory damages in an amount to be determined by a jury;

(B) punitive damages against the individual defendants in an amount to be determined by a jury;

(C) reasonable attorneys' fees and the costs and disbursements of this action; and

(D) such other and further relief as appears just and proper.

Dated: New York, New York
       July 3, 2020

                        BRETT H. KLEIN, ESQ., PLLC
                        Attorneys for Plaintiff MICHAEL GILES
                        305 Broadway, Suite 600
                        New York, New York 10007
                        (212) 335-0132

              By:   *Brett Klein*
                        BRETT H. KLEIN (BK4744)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------------------X

MICHAEL GILES,

                                       Plaintiff,

                                                                                   Index No.

       -against-

CITY OF MOUNT VERNON, CAMILO ANTONINI,
Individually, COUNTY OF WESTCHESTER,
JEFFREY SLOTOROFF, Individually, JOSEPH KRAUS,
Individually, JAMES GREER, Individually,
MICHAEL HUFFMAN, Individually, DAVID SANCHEZ,
Individually, STEFAN GOGGIN, Individually, and JOHN
and JANE DOE 1 through 10, Individually, (the names John
and Jane Doe being fictitious, as the true names are presently
unknown),

                                       Defendants.

------------------------------------------------------------------------------------X


**COMPLAINT**


                              **BRETT H. KLEIN, ESQ., PLLC**
                                   Attorneys for the Plaintiff
                                   305 Broadway, Suite 600
                                   New York, New York 10007
                                       (212) 335-0132